UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| EMERGENCY SERVICES | ) | |
| BILLING CORPORATION, INC., | ) | |
| Individually and as Agent for | ) | |
| WESTVILLE VOLUNTEER FIRE | ) | |
| DEPARTMENT, | ) | CASE NO.: 4:09CV0045AS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY | ) | |
| AND ITS INSURED MICHAEL | ) | |
| BAKER, PROGRESSIVE INSURANCE | ) | |
| COMPANY AND ITS INSURED | ) | |
| FRANK DUBCZAK AND DAVID | ) | |
| PENTON, AND STATE FARM | ) | |
| INSURANCE COMPANY, AND ITS | ) | |
| INSURED JUAN JOSE GOMEZ | ) | |
| HERNANDEZ, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY | ) | |
| AND MICHAEL BAKER, | ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EMERGENCY SERVICES | ) | |
| BILLING CORPORATION, INC., | ) | |
| Individually and as Agent for | ) | |
| WESTVILLE VOLUNTEER FIRE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND OF DEFENDANTS ALLSTATE INSURANCE COMPANY AND MICHAEL BAKER

Come now Defendants Allstate Insurance Company ("Allstate") and Michael Baker ("Baker"), by counsel, and for their Responsive Pleadings to the Complaint For Declaratory Judgment (the "Complaint") filed by Plaintiff Emergency Services Billing Corporation, Inc. ("ESBC"), state as follows:

## ANSWER

1.      Emergency Services Billing Corporation ("ESBC") is a corporation doing business in the state of Indiana with its principal place of business located in Boone County, Indiana.

**ANSWER:**    Defendants Allstate and Baker admit the allegations contained in Paragraph 1 of the Complaint.


2.      Allstate is an insurance company licensed to write and issue policies in the State of Indiana.  Allstate's insured, Michael Baker, is a resident of the State of Indiana.

**ANSWER:**    Defendants Allstate and Baker admit the allegations contained in Paragraph 2 of the Complaint.


3.      Progressive Insurance is an insurance company licensed to write and issue policies in the State of Indiana.  Progressive's insured, Frank Dubczak and David Penton, are residents of the State of Indiana.

**ANSWER:**    Defendants Allstate and Baker make no answer to the allegations of rhetorical Paragraph 3 of the Complaint as those allegations are not directed to these defendants.


4.      State Farm Insurance Company is an insurance company licensed to write and

issue policies in the State of Illinois.  State Farm's insured, Juan Jose Gomez Hernandez, is a resident of the State of Illinois.

**ANSWER:**    Defendants Allstate and Baker make no answer to the allegations of rhetorical Paragraph 4 of the Complaint as those allegations are not directed to these defendants.

5.    On June 18, 2008; August 17, 2008; September 27, 2008 and December 22, 2008, the Westville Volunteer Fire Department ("Westville") responded to four (4) different motor vehicle accidents at within County of LaPorte in the State of Indiana.

**ANSWER:**    Defendants Allstate and Baker admit the allegations of rhetorical Paragraph 5 of the Complaint only insofar as directed to Baker's son's motorcycle accident of September 27, 2008.

6.    Each motor vehicle accident present the potential of a fire as a result of a vehicle roll over, collision with a jersey barrier, collision with a tractor trailer, and./or collision with another vehicle.

**ANSWER:**    Defendants Allstate and Baker deny the allegations contained in Paragraph 6 of the Complaint.

7.    A motor vehicle on fire, without a proper burning permit, is a violation of the Clean Air Act ("CAA"), 42 *U.S.C.* Section 7661(a).

**ANSWER:**    Paragraph 7 of the Complaint does not allege facts but rather a legal conclusion, to which a response is not necessary, and to the extent a response is required, Defendants Allstate and Baker deny the same.

8.      The release, or potential release, of hazardous materials produced by a motor vehicle on fire into the ambient air, in violation of the CAA, is a violation of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 *U.S.C.* § 9601 et. al.

**ANSWER:**     Paragraph 8 of the Complaint does not allege facts but rather a legal conclusion, to which a response is not necessary, and to the extent a response is required, Defendants Allstate and Baker deny the same.

9.      Westville was dispatched to the scene of each accident, provided traffic control and assessed the potential release of hazardous materials into the ambient air pursuant to CERCLA.

**ANSWER:**     In response to Paragraph 9 of the Complaint, Defendants Allstate and Baker admit that the Westville Volunteer Fire Department (the "WVFD") was dispatched to the scene of Baker's son's motorcycle accident.  Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10.     ESBC, as the billing agent for Westville, determined that each insured is an owner or operator of the motor vehicle, insured by one of the above-named insurance companies.

**ANSWER:**     In response to the allegations of rhetorical paragraph 10 of the Complaint, Defendants Allstate and Baker are without knowledge sufficient to admit or deny the agency relationship alleged to exist between Westville and ESBC; admit that Baker is owner of a motorcycle involved in an accident to which Westville responded; admit that Allstate insured

both Baker and the motorcycle; and make no answer insofar as these allegations are directed to defendants other than Allstate and Baker.

11.     ESBC prepared invoices numbered 500, 671, 744 and 997 for each response and sent them to the Defendants on behalf of Westville. The invoices remain unpaid.

**ANSWER:**     In response to the allegations contained in Paragraph 11 of the Complaint, the Defendants admit that Allstate and Baker each received an invoice from ESBC purporting to result from services that the WVFD provided to Baker, and that invoice has not been paid.  The Defendants lack sufficient information or knowledge with which to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint and, therefore, deny the same.

12.     Under CERCLA, ESBC has the right to recover damages on behalf of Westville up to three years after each incident occurred.

**ANSWER:**     Defendants Allstate and Baker deny the allegations contained in Paragraph 12 of the Complaint.

13.     The Defendants have failed to pay ESBC's invoices.

**ANSWER:**     In response to the allegations contained in Paragraph 13 of the Complaint, Defendants Allstate and Baker admit that an invoice that was sent to Allstate and Baker from ESBC purporting to result from services that the WVFD provided at the scene of Baker's son's motorcycle accident has not been paid.  Defendants Allstate and Baker lack sufficient information or knowledge with which to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, deny the same.

14.     ESBC seeks a determination as to its right to recover payment on its invoices under CERCLA on behalf of Westville.

**ANSWER:**     Defendants Allstate and Baker admit the allegations contained in Paragraph 14 of the Complaint, but deny that ESBC is entitled to the determination that it seeks.

## AFFIRMATIVE DEFENSES

1.     ESBC fails to state a claim upon which relief could be granted because the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 et al., does not apply to consumer products being used for consumer purposes.

2.     ESBC fails to state a claim upon which relief can be granted because a motor vehicle is not a "facility" as defined by CERCLA.

3.     ESBC fails to state a claim upon which relief can be granted because CERCLA excludes petroleum-based substances.

4.     ESBC fails to state a claim upon which relief can be granted because the WVFD is not an On-Scene Coordinator as defined by CERCLA.

5.     ESBC fails to state a claim upon which relief can be granted because the WVFD failed to comply with the National Contingency Plan under CERCLA.

6.     ESBC lacks standing to seek a declaratory judgment as to whether automobile insurance policies cover CERCLA responses.

7.      To the extent that ESBC is attempting to bring this action on behalf of the WVFD, the WVFD lacks standing to seek a declaratory judgment as to whether automobile insurance policies cover CERCLA responses.

8.       ESBC lacks standing to obtain a monetary judgment against Allstate.

9.      To the extent that ESBC is attempting to bring this action on behalf of the WVFD, the WVFD lacks standing to obtain a monetary judgment against Allstate.

10.     ESBC lacks prudential standing to bring this action because ESBC is not the real party in interest.

11.     The Indiana Department of Environmental Management (IDEM) is a necessary and indispensable party to this action.  *See* Fed. R. Civ. Proc. 19.

12.     James Greeson, in his official capacity as the State Fire Marshal, is a necessary and indispensable party to this action.  *See* Fed. R. Civ. Proc. 19.

13.     The fees that ESBC seeks to impose exceed those fees that the WVFD is authorized to charge for services under Indiana law.  *See* Indiana Code § 36-8-12-16 (stating that fees charged for volunteer fire departments' services cannot exceed the State Fire Marshal's recommended fee schedule).  The State Fire Marshal's recommended fee schedule is attached as Exhibit A.

14.     ESBC seeks to impose fees for services that the WVFD is not authorized to charge any fee for under Indiana law.  *See* Indiana Code § 36-8-12-13 (limiting hazardous material related services provided by the volunteer fire department to actual spills or fires).

15.     The fees that ESBC seeks to impose constitute unlawful fees under Indiana law. *See* Indiana Code § 36-8-12-16 (stating that fees charged for volunteer fire departments' services cannot exceed the State Fire Marshal's recommended fee schedule).

16.     The fees that ESBC seeks to impose are greater than those fees reasonably related to reasonable and just rates for services that the WVFD provides, and as such violate Indiana's Home Rule, Indiana Code ch. 36-1-3 *et al.*

17.     To the extent they seeks equitable relief, ESBC and the WVFD have unclean hands.

## COUNTERCLAIMS BY DEFENDANT BAKER

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18.     ESBC is a "debt collector" under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 et seq.

19.     The services provided by the WVFD at issue in this action are for personal, family, or household purposes under the FDCPA.

20.     Defendant Baker is a "consumer" under the FDCPA.

21.     ESBC failed to make disclosures required by §§ 1692e(11), 1692g, in that it did not: disclose in its initial communication with consumers, including Defendant Baker, that any information obtained will be used for the purpose of collecting a debt; disclose within five days of its initial communication with consumers that the consumer has the right to dispute the debt within thirty days; or disclose within five days of their initial communication with consumers that upon the consumer's written request within thirty days, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22.     ESBC includes the following statements in its debt collection correspondence with consumers, including its correspondence with Defendant Baker (emphasis in originals):

> You must immediately provide our office with your insurance agent. Additionally, **immediately forward this billing letter to your claims**

**representative.**  If you do not have insurance, or do not have coverage for this type of claim, you <u>must</u> pay this bill <u>yourself</u>.

**<u>If you do not contact our office within ten (10) days of the date of this notice, we will assume that you are uninsured!!</u>**  Our policy is to notify local law enforcement and the State Bureau of Motor Vehicles when a motorist involved in an accident does not have required insurance.  **<u>As such, it is extremely important you immediately contact our office before this ten (10) day deadline expires!!</u>**

\* \* \*

**<u>IMPORTANT: Emergency Services Billing Corporation is the billing agent for the above named fire department.  Any communication with regards to this claim should be directed to our office exclusively.  Any attempt to contact our client will be viewed as a circumvention of this relationship and may expose you and/or your company to additional liability.  Our clients' claims are based wholly or in part on strict liability statutes.  You or your insured are separate and liable for the entire balance of this claim regardless of any amount of liability greater than zero percent (0%).</u>**

23.     The above statements are false, deceptive, and misleading representations in violation of § 1692e and constitute an unconscionable means of collecting or attempting to collect a debt in violation of § 1692f because the statements: fail to provide FDCPA required disclosures; contravene the FDCPA required disclosures; imply that consumers have no right to contact the WVFD; state that consumers will incur additional fees if they contact the WVFD; imply that consumers have no right to dispute the debt; imply that consumers will incur additional fees if they dispute the debt; and state that consumers will be reported as uninsured motorists if they do not provide ESBC with their insurance information.

24.     The statements quoted in Paragraph 22 are designed to coerce consumers into giving ESBC consent to contact the consumer's insurance provider in connection with the collection of the alleged debt and constitute false representations and deceptive means to obtain information concerning consumers in violation of § 1692c, 1692e.

25.     ESBC violated § 1692c(b) by contacting consumers' insurance companies regarding the collection of alleged debts without obtaining the consumer's prior consent or after inducing the consumer to give consent through misrepresentations made to the consumer.

26.     ESBC falsely represented or implied that consumers committed a crime and falsely implied that its collection documents were legal process in violation of § 1692e through its statement that the consumer will be reported as an uninsured motorist if the consumer does not provide ESBC with information about his or her insurance provider.

27.     Through its association with the WVFD, ESBC purports to act under the color of state authority when it uses false, deceptive, and misleading representations and means in connection with the collection of alleged debts, which creates a false impression as to the source, authorization, and approval of the alleged debt in violation of § 1692e.

28.     ESBC used unconscionable means of collecting or attempting to collect a debt in violation of § 1692f; falsely represented the character, amount, and legal status of alleged debts in violation of § 1692e; and collected or attempted to collect amounts other than those expressly authorized by law in violation of § 1692f(1), by: sending bills under color of state authority for the collection of fees that ESBC knew or should have known unlawfully exceeded the maximum allowable fees under the State Fire Marshal's recommended fee schedule, *see* Indiana Code § 36-8-12-16, and stating that those fees were allowable under CERCLA statutes that are not applicable.

29.     ESBC engaged in the above-described debt collection in attempting to collect an alleged debt from Defendant Baker.

## COUNTERCLAIMS BY DEFENDANT ALLSTATE

## COUNT II – UNJUST ENRICHMENT

30.     Indiana Code § 36-8-12-16 provides that fees charged for volunteer fire departments' services cannot exceed the State Fire Marshal's recommended fee schedule.

31.     The State Fire Marshal's recommended fee schedule is attached as Exhibit A.

32.     The fees that ESBC is attempting to impose in this action and has collected from other consumers and their insurance companies exceed the State Fire Marshal's recommended fee schedule.  As a result, these fees are unlawful.

33.     Defendant Allstate paid substantial fees to ESBC before the unlawful nature of these fees was discovered.  Defendant Allstate is still working to calculate the total amount of fees it paid to ESBC.

34.     The WVFD either knew or should have known that ESBC was engaging in unlawful billing practices purportedly on its behalf.

35.     As a result of the billing practices by ESBC and the WVFD, the unlawful fees are inseparable from any lawful fees that the WVFD may have been entitled to collect.

36.     ESBC and/or the WVFD would be unjustly enriched if permitted to retain these unlawfully collected fees.

## COUNTERCLAIMS BY DEFENDANTS ALLSTATE AND BAKER

## COUNT III – CIVIL ACTION FOR COLLECTION OF UNLAWFUL FEES

37.     Indiana Code § 5-7-2-8 provides a civil action for recovery of fees unlawfully collected by any county, township, or other public officer of the state.

38.     Indiana Code § 5-7-2-8 also permits persons to recover the sum of not less than ten dollars ($10) damages and not more than thirty dollars ($30) damages in connection with civil actions for recovery of unlawful fees.

39.     ESBC and the WVFD, acting under color of state law and authority, unlawfully collected fees from Defendant Allstate.

40.     ESBC and the WVFD, acting under color of state law and authority, attempted to unlawfully collect additional fees from Defendant Allstate.

41.     Defendant Allstate paid substantial fees to ESBC before the unlawful nature of these fees was discovered.  Defendant Allstate is still working to calculate the total amount of fees it paid to ESBC.

42.     ESBC and the WVFD, acting under color of state law and authority, have attempted to unlawfully collect fees from Defendant Baker.

43.     The WVFD either knew or should have known that ESBC was engaging in unlawful billing practices purportedly on its behalf.

44.     As a result of the billing practices by ESBC and the WVFD, the unlawful fees are inseparable from any lawful fees that the WVFD may have been entitled to.

45.     Defendant Allstate is entitled to recover all fees that it has paid to ESBC pursuant to Indiana Code § 5-7-2-8.

46.     Pursuant to Indiana Code § 5-7-2-8, Defendants Allstate and Baker are entitled to recover statutory damages of $30 for each instance in which ESBC or the WVFD collected or attempted to collect unlawful fees.

## COUNT IV – FRAUD

47.     The elements of common law fraud are "a false material representation of past or existing facts, made with knowledge or reckless ignorance of falsity, which causes reliance to the detriment of those relying on the representation." *In re Gerard*, 634 N.E.2d 51, 53 (Ind. 1994) (holding that an attorney's retention of an excessive fee beyond the point when it should have been apparent to the attorney that it was in excess of a reasonable fee indicated an intent to deceive and was fraudulent because "[i]mplicit in [the attorney's] retention of the excessive fee was the false representation that the service he provided to [the client] roughly corresponded with the amount of compensation").

48.     ESBC represented to Defendants Baker and Allstate that ESBC was billing lawful fees for services provided by the WVFD.

49.     ESBC knew or should have known that these representations were false.

50.     ESBC knew or should have known that the fees that it charged were unlawful. *See* Indiana Code § 36-8-12-16 (stating that fees charged for volunteer fire departments' services cannot exceed the State Fire Marshal's recommended fee schedule).

51.     ESBC knew or should have known that the fees that it charged were excessive for the services performed.

52.     ESBC represented to Defendants Baker and Allstate that they would incur additional fees if they attempted to dispute the fees billed.

53.     ESBC knew of should have known that its representations to Defendants Baker and Allstate that they would incur additional fees if they attempted to dispute the fees billed were unlawful.

54.     ESBC conspired with and encouraged the WVFD to perform and charge fees for unnecessary services at accident or emergency scenes in order to gain financially.

55.     ESBC conspired with, encouraged, and/or instructed the WVFD to explicitly or implicitly represent to individuals at accident or emergency scenes that these unnecessary services were necessary.

56.     ESBC acted under the auspices and color of state authority in order to perpetrate this fraud.

57.     ESBC has gained financially as a result of its fraud.

58.     Defendants Baker and Allstate have suffered injury as a proximate result of their reliance upon representations made by ESBC and by the WVFD as a result of ESBC's encouragement or instructions to the WVFD.  Defendant Allstate paid substantial fees to ESBC before the unlawful nature of these fees was discovered.  Defendant Allstate is still working to calculate the total amount of fees it paid to ESBC.  Defendant Baker is now forced to defend himself against this action for collection of unlawful fees for services that were unnecessary at his son's motorcycle accident scene.  All Allstate insureds, including Defendant Baker, are injured by ESBC's unlawful billing and collection practices, because such practices may lead or may have already led to increased insurance costs.

## COUNT V – CONSTRUCTIVE FRAUD

59.     The elements of constructive fraud claim under Indiana law are: (1) a duty based on the relationship between the parties; (2) representations or omissions made in violation of that duty; (3) reliance thereon by the complaining party; (4) an injury to the complaining party as a proximate result thereof; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party.  *See Rice v. Strunk*, 670 N.E.2d 1280, 1284 (Ind. 1996).

60.     Individuals, such as Defendant Baker and insureds of Defendant Allstate upon whose behalf Allstate paid claims, are particularly vulnerable at the scenes of accidents or emergencies.

61.     As a civil servant organization, the WVFD owed a duty to Defendant Baker and insureds of Defendant Allstate upon whose behalf Allstate paid claims, to act in the individuals' best interest when the WVFD responded to accident or emergency scenes.

62.     As a civil servant organization, the WVFD had a relationship of trust with Defendant Baker and insureds of Defendant Allstate upon whose behalf Allstate paid claims, when the WVFD responded to accident or emergency scenes.

63.     The WVFD and/or ESBC made representations or omissions to Defendant Baker and insureds of Defendant Allstate upon whose behalf Allstate paid claims that it was performing and/or charging for services that were necessary and in Defendant Baker and the insureds' best interests.

64.     Defendant Baker and insureds of Defendant Allstate upon whose behalf Allstate paid claims, relied upon the WVFD when it performed services at its accident or emergency scenes.

65.     The WVFD performed services at the accident or emergency scenes of Defendant Baker and insureds of Defendant Allstate upon whose behalf Allstate paid claims, that were unnecessary and charged unlawful amounts for those services to gain a financial advantage at the expense of Defendant Baker, Defendant Allstate, and Allstate's insureds.

66.     ESBC conspired with, encouraged, and/or instructed the WVFD to perform, and charge for, unnecessary services at accident or emergency scenes in order to gain a financial advantage.

67.     ESBC knew or should have known that persons such as Defendant Baker, insureds of Defendant Allstate upon whose behalf Allstate paid claims, and Defendant Allstate would detrimentally rely upon representations or omissions made by the WVFD and/or ESBC regarding whether services were necessary at accident or emergency scenes and whether charges for those services were lawful.

68.     Defendants Baker and Allstate have suffered injury as a proximate result of their reliance upon representations or omissions made by the WVFD and ESBC.  Defendant Allstate paid substantial fees to ESBC before the unlawful nature of these fees was discovered. Defendant Allstate is still working to calculate the total amount of fees it paid to ESBC. Defendant Baker is now forced to defend himself against this action for collection of unlawful fees for services that were unnecessary at his son's motorcycle accident scene.  All Allstate insureds, including Defendant Baker, are injured by ESBC's unlawful billing and collection practices, because such practices may lead or may have already led to increased insurance costs.

## COUNT VI – INSURANCE FRAUD

69.     Indiana Code § 35-43-5-4.5 provides in relevant part:

A person who, knowingly and with intent to defraud: (1) makes, utters, presents, or causes to be presented to an insurer or an insurance claimant, a claim statement that contains false, incomplete, or misleading information concerning the claim;  (2) presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, an oral, a written, or an electronic statement that the person knows to contain materially false information as part of, in support of, or concerning a fact that is material to: (A) the rating of an insurance policy; (B) a claim for payment or benefit under an insurance policy; (C) premiums paid on an insurance policy; (D) payments made in accordance with the terms of an insurance policy; (E) an application for a certificate of authority; (F) the financial condition of an insurer;  or (G) the acquisition of an insurer; or conceals any information concerning a subject set forth in clauses (A) through (G) . . . commits insurance fraud.

16

70.     Indiana Code § 34-24-3-1 authorizes a person who suffers a pecuniary loss as a result of a violation of Indiana Code § 35-43-5-4.5 to bring a civil action against the person who caused the loss.

71.     ESBC represented to Defendants Baker and Allstate that ESBC was billing lawful fees for services provided by the WVFD.

72.     ESBC knew or should have known that these representations were false.

73.     ESBC knew or should have known that the fees that it charged were unlawful. *See* Indiana Code § 36-8-12-16 (stating that fees charged for volunteer fire departments' services cannot exceed the State Fire Marshal's recommended fee schedule).

74.     ESBC knew or should have known that the fees that it charged were excessive for the services performed.

75.     ESBC represented to Defendants Baker and Allstate that they would incur additional fees if they attempted to dispute the fees billed.

76.     ESBC knew of should have known that its representations to Defendants Baker and Allstate that they would incur additional fees if they attempted to dispute the fees billed were unlawful.

77.     ESBC conspired with and encouraged the WVFD to perform and charge fees for unnecessary services at accident or emergency scenes in order to gain financially.

78.     ESBC conspired with, encouraged, and/or instructed the WVFD to explicitly or implicitly represent to individuals at accident or emergency scenes that these unnecessary services were necessary.

79.     ESBC acted under the auspices and color of state authority in order to perpetrate this fraud.

17

80.     ESBC misrepresented to individuals, including Defendant Baker, that the individual was required to provide ESBC with the individual's insurance information.

81.     ESBC encouraged individuals who received services from the WVFD to file claims in relation to those services with their insurance company, even though ESBC knew or should have known that the services performed by the WVFD were unnecessary and/or that the charges for those services were excessive and unlawful.  *See* Indiana Code § 36-8-12-16 (stating that fees charged for volunteer fire departments' services cannot exceed the State Fire Marshal's recommended fee schedule).

82.     ESBC threatened individuals who received services from the WVFD with personal liability if they did not file a claim with their insurance company, even though ESBC knew or should have known that the services performed by the WVFD were unnecessary and/or that the charges for those services were excessive and unlawful.  *See id.*

83.     ESBC knowingly and with intent to defraud made, uttered, presented, and/or caused to be presented to an insurer, Defendant Allstate, and to an insurance claimant, Defendant Baker, a claim statement that contained false, incomplete, or misleading information concerning the claim by: encouraging or instructing the WVFD to perform unnecessary services for the purpose of later billing for those services; billing unlawful fees for those unnecessary services; encouraging or coercing individuals to file insurance claims for unnecessary services or unlawful charges; and contacting insurers, including Defendant Allstate, directly and representing that the services performed for insureds by the WVFD were necessary, that the charges were lawful, and that the insurance company was liable to pay the charges.

84.     ESBC knowingly and with intent to defraud presented, caused to be presented, and/or prepared with knowledge or belief that it would be presented to or by insurer Defendant

18

Allstate an oral, written, and/or electronic statement that ESBC knew to contain materially false information as part of, in support of, and/or concerning a fact that is material to a claim for payment or benefit under an insurance policy and payments made in accordance with the terms of an insurance policy; and knowingly and with intent to defraud concealed information concerning a fact that is material to a claim for payment or benefit under an insurance policy and payments made in accordance with the terms of an insurance policy, by: encouraging or instructing the WVFD to perform unnecessary services for the purpose of later billing for those services; billing unlawful fees for those unnecessary services; encouraging or coercing individuals to file insurance claims for unnecessary services or unlawful charges; and contacting insurers, including Defendant Allstate, directly and representing that the services performed for insureds by the WVFD were necessary, that the charges were lawful, and that the insurance company was liable to pay the charges.

85.     ESBC gained financially as a result of its fraud.

86.     Defendants Baker and Allstate have suffered injury as a proximate result of their reliance upon representations made by ESBC and by the WVFD as a result of ESBC's encouragement or instructions to the WVFD.  Defendant Allstate paid substantial fees to ESBC before the unlawful nature of these fees was discovered.  Defendant Allstate is still working to calculate the total amount of fees it paid to ESBC.  Defendant Baker is now forced to defend himself against this action for collection of unlawful fees for services that were unnecessary at his son's motorcycle accident scene.  All Allstate insureds, including Defendant Baker, are injured by ESBC's unlawful billing and collection practices, because such practices may lead or may have already led to increased insurance costs.

19

## PRAYER FOR RELIEF

WHEREFORE, Defendants Allstate Insurance Company and Michael Baker respectfully pray for:

1.      Judgment in their favor and against Plaintiff Emergency Services Billing Corporation, Inc.;

2.      Compensatory damages;

3.      Statutory damages, including but not limited to damages available under the FDCPA, *see* 15 U.S.C. § 1692k, and Indiana Code § 5-7-2-8;

4.      Treble damages;

5.      Punitive damages;

6.      Costs of the instant action;

7.      Attorney's fees;

8.      Pre-judgment interest;

9.      All other costs, expenses, and amounts allowable under Indiana Code § 34-24-3-1 that arise during the course of this litigation;

10.      An Injunction against ESBC and the WVFD prohibiting them from:

   a.      charging, billing, and collecting unlawful fees;

   b.      attempting to collect unlawful fees that ESBC and/or WVFD has previously billed;

   c.      setting fee schedules in violation of Indiana law;

   d.      engaging in unlawful debt collection practices; and

   e.      attempting to collect fees under the auspices of CERCLA.

11.      An order requiring ESBC and the WVFD to disgorge all unlawfully collected fees; and

12.     All other just and proper relief.

## JURY DEMAND

Defendants Allstate and Baker request trial by jury pursuant to Trial Rule 38(B) of the

Federal Rules of Civil Procedure for all claims so triable.

Respectfully submitted

/s/ Suzanna Hartzell-Baird
Robert B. Clemens (Atty. No. 4046-71)
Alex C. Intermill (Atty. No. 25315-49)
Suzanna Hartzell-Baird (Atty. No. 27149-49)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
rclemens@boselaw.com
aintermill@boselaw.com
shartzell-baird@boselaw.com

Attorneys for Defendants Allstate Insurance
Company and Michael Baker

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Michael E. Tolbert
mtolbert@hwelaw.com
HOEPPNER WAGNER & EVANS LLP
1000 E. 80th Place, 6th Floor South
Merrillville, IN  46410

Mark A. Metzger
mark@metzgerrosta.com
METZGER ROSTA LLP
32 S. 9th Street
Noblesville, IN  46060

Mark D. Gerth
John B. Drummy
mgerth@k-glaw.com
jdrummy@k-glaw.com
KIGHTLINGER & GRAY, LLP
151 N. Delaware Street, Suite 600
Indianapolis, IN  46204


and a copy was mailed via first class, United States mail, postage prepaid, to:

Pamela G. Grant
Pgrant@esbc.biz
General Counsel for ESBC
Emergency Services Billing Corporation
P.O. Box 247
Brownsburg, IN  46112



/s/ Suzanna Hartzell-Baird
Suzanna Hartzell-Baird


1454005_4