# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| EMERGENCY SERVICES BILLING CORPORATION, INC., Individually and as Agent for WESTVILLE VOLUNTEER FIRE DEPARTMENT, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No: 4:09-cv-45-RL-APR |
| ALLSTATE INSURANCE COMPANY, MICHAEL BAKER, PROGRESSIVE INSURANCE COMPANY, FRANK DUBCZAK, DAVID PENTON, STATE FARM INSURANCE COMPANY, and JUAN JOSE GOMEZ HERNANDEZ, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| ALLSTATE INSURANCE COMPANY and MICHAEL BAKER, | ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| vs. | ) ) | |
| EMERGENCY SERVICES BILLING CORPORATION, INC., Individually and as Agent for WESTVILLE VOLUNTEER FIRE DEPARTMENT, | ) ) ) ) ) | |
| Counter-Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration (DE #59) filed on March 26, 2010, by Plaintiff/Counter-Defendant Emergency Services Billing Corporation, Inc. ("ESBC"), in which ESBC seeks the amendment of the Court's

Opinion and Order dated March 19, 2010 (DE #58).[1] Defendants Juan Jose Gomez Hernandez and State Farm Insurance Company responded to ESBC's Motion (DE #62, 63, respectively); Defendants/Counter-Plaintiffs Allstate Insurance Company ("Allstate") and Michael Baker ("Baker") joined in the responses (DE #64); and, ESBC timely replied (DE #65).

For the reasons set forth below, the Court **DENIES** ESBC's Motion for Reconsideration, and respectfully declines to modify its Opinion and Order granting Defendants' Motion for Judgment on the Pleadings and dismissing ESBC's claims.

RULE 59(e) LEGAL STANDARD[2]

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Reconsideration is appropriate to bring the district court's attention to a manifest error of law or fact, or newly discovered evidence. *Bordelon v. Chi. Sch. Reform*

---

[1] *See Emergency Servs. Billing Corp., Inc. v. Allstate Ins. Co.*, 2010 WL 1088305 (N.D. Ind. Mar. 19, 2010) (No. 4:09-CV-45-RL) (granting judgment on the pleadings which resulted in the dismissal of all claims against the defendants, but allowed the counterclaims alleged against ESBC to remain pending).

[2] ESBC does not state whether its Motion for Reconsideration is brought pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. However, because ESBC filed its Motion within 28 days of judgment and asserts an error of law as described in *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995), which concerned a Rule 59 motion, the Court construes ESBC's Motion as one pursuant to Fed. R. Civ. P. 59(e).

2

*Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (citing *LB Credit Corp.*, 49 F.3d at 1267). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon*, 233 F.3d at 529 (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Reconsideration is discretionary, *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003), and such motions should not serve as an occasion to tender new legal theories for the first time. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citations omitted); *see Heltzel v. Dutchmen Mfg., Inc.*, 2008 WL 623192, at *2 (N.D. Ind. March 4, 2008) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure") (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

DISCUSSION

The Court incorporates by reference here the authorities cited in its March 19, 2010, Opinion and Order, regarding the enactment and applicable provisions of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA") (DE #58 at 6-20). In addition,

the underlying facts of this case remain undisputed, and no additional facts are considered in ruling on ESBC's Motion (DE #58 at 3-5). Instead, ESBC argues that the Court committed an error of law in making its determination that the motor vehicles constituted 'consumer products in consumer use' and not 'facilities' within the meaning of CERCLA.[3] According to ESBC, the alleged error was made when the Court referred to the Environmental Protection Agency's ("EPA") definition of "consumer product," 40 C.F.R. § 302.3 (2009) ("the EPA's regulation"), in determining the meaning of consumer product for purposes of CERCLA. ESBC's argument is without merit based on procedural and substantive grounds.

WAIVER

Until now, in its Motion for Reconsideration, ESBC never discussed the EPA's regulation. In responding to the Defendants' Motion for Judgment on the Pleadings, ESBC did not acknowledge the EPA's regulation, let alone, explain to the Court how it was relevant. Despite the fact that the EPA's regulation dates back to

---

[3]To recap, CERCLA imposes liability for "response costs" on the "owner and operator of a . . . facility" from which a hazardous substance has been released. 42 U.S.C. § 9607(a)(1)-(4). CERCLA broadly defines "facility" to mean "(A) any . . . motor vehicle . . . but does not include any consumer product in consumer use." 42 U.S.C. § 9601(9) ("consumer products exception"). Since the Court found that the motor vehicles fell within the consumer products exception, thus, they were not "facilities" under CERCLA, then removal expenses were not recoverable by ESBC (DE #58).

1985,[4] ESBC fails to provide any justification as to why it could not, and did not, previously present its argument in response to the original motion. *See Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004).

The Court declines to reconsider a matter that was not presented to it in the first instance by a well-represented party. The expectation is that council will raise the issues that are to be decided, as the Court cannot be expected to anticipate a party's position. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 360 (7th Cir. 1987) ("[A] trial judge may properly depend upon counsel to apprise him of the issues for decision.") (citation omitted). Thus, as made clear by the Seventh Circuit, ESBC cannot use its Rule 59(e) Motion for Reconsideration to raise arguments which ESBC could have and should have raised before the judgment was entered. *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1336 (7th Cir. 1992) (stating that arguments may not be raised for the first time in a Rule 59(e) motion) (citation omitted). ESBC's unexplained, belated attempt to contest the application of the EPA's regulation is not grounds to modify this Court's previous Opinion and Order, because ESBC waived this argument by failing to present it in the first instance prior to the Court's ruling.

---

[4]Notification Requirements; Reportable Quantity Adjustments, 50 Fed. Reg. 13456-01, 13474 (April 4, 1985); EPA Definitions, 40 C.F.R. § 302.3 (1985); Notification Requirements; Reportable Quantity Adjustments, 48 Fed. Reg. 23552-01, 23553 (May 25, 1983) (to be codified at 40 C.F.R. pt. 302).

CERCLA & THE EPA'S REGULATION

Aside from ESBC's waiver, even considering the substance of ESBC's position, it has no merit. First, CERCLA is clear in its meaning, and second, the EPA's regulation does not mandate a different result.

In this Court's March 19, 2010, Opinion and Order, the Court declared that the language of CERCLA was clear, and that the ordinary meaning of "consumer product" included the motor vehicles at issue (DE #58 at 11-17). The Court's reasoning remains applicable and will not be repeated here.[5] Because CERCLA excludes "consumer products in consumer use" from its definition of facilities, it unambiguously excludes motor vehicles that are personal property distributed in commerce and used for personal, family, or household purposes. *Id*. CERCLA's statuary meaning is clear, and as a result, the Court need not look beyond CERCLA for guidance on its meaning. *See Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 987 (7th Cir. 2001).

---

[5]To the extent that ESBC (for the first time in its Reply (DE #65)) suggests that CERCLA is ambiguous, it does so by ignoring this Court's reasoning. The Court indicated that not only was the plain language of CERCLA clear, but the purpose of the Consumer Product Safety Act ("the CPSA") was not to regulate motor vehicles, thus, Congress excluded motor vehicles from the CPSA's definition of "consumer product" (DE #58 at 11-17). *See* 15 U.S.C. §§ 2051(b), 2052(a)(5)(C). The CPSA's exclusion of motor vehicles from the ordinary definition of "consumer product" prevents its ordinary inclusion, and Congress did not provide for any exclusions to CERCLA's consumer products exception.

Yet, ESBC argues that this Court went further and "inconsistent[ly]" applied the EPA's regulation to interpret CERCLA's meaning of "consumer product" (DE #59 at ¶10). The EPA's regulation states "[c]onsumer product shall have the meaning stated in 15 U.S.C. § 2052." *See* Notification Requirements; Reportable Quantity Adjustments, 50 Fed. Reg. 13456-01, 13474 (April 4, 1985); EPA Definitions, 40 C.F.R. § 302.3 (1985). ESBC maintains that based on the EPA's regulation, the Court was required to apply all of § 2052 in determining the meaning of consumer product.

Section 2052 of the CPSA defines the term "consumer product" as:

> [A]ny article, or component part thereof, produced or distributed (I) for sale to a consumer for use in or around a permanent or temporary household or residence, a school, in recreation, or otherwise, or (ii) for the personal use, consumption or enjoyment of a consumer in or around a permanent or temporary household or residence, a school, in recreation, or otherwise.

15 U.S.C. § 2052(a)(5). It is ESBC's position that the Court erroneously considered § 2052(a)(5) to define "consumer product," but did not also consider the exclusions which indicate that motor vehicles are not consumer products, *see* 15 U.S.C. § 2052(a)(5)(C) ("the CPSA exclusion(s)").

While it is true that this Court considered § 2052(a)(5) for purposes of defining consumer product, ESBC neglects to note the Court's explanation for doing so. The context in which the EPA considered the proposed regulation and adopted the final rule is

important here.  To repeat, the Court stated:

> Shortly after CERCLA's enactment, the EPA proposed a new rule, stating in relevant part:
>
> . . . Although [CERCLA] does not define the term "consumer product," the Consumer Product Safety Act defines that term as, **generally, any article sold to a consumer for the person's use, consumption or enjoyment in or around a household, residence, school, in recreation, or otherwise** (15 U.S.C. 2052).  **This definition** will apply for notification under CERCLA. Notification Requirements; Reportable Quantity Adjustments, 48 Fed. Reg. 23552-01, 23553 (May 25, 1983) (to be codified at 40 C.F.R. pt. 302).

(DE #58 at 17-18) (emphasis added).  Thus, the comments make clear that the EPA referred "generally" to the definition located in § 2052, and not to the specific CPSA exclusions. *Id*.  To further clarify, the definition of "consumer product" that was adopted, was explicitly recited as: "any article sold to a consumer for the person's use, consumption or enjoyment in or around a household, residence, school, in recreation, or otherwise." *Id*.  Thus, there is nothing inconsistent about looking to this definition.

Moreover, ESBC cannot get the CPSA exclusion to apply through the back door by reliance on the EPA's regulation.  Previously, this Court refused to agree with ESBC that motor vehicles could never be consumer products within the meaning of CERCLA, just because another act, the CPSA, excludes motor vehicles from its regulatory reach. *See supra* note 5 and accompanying text.  Such an interpretation defies the plain language of CERCLA. *Id*.

ESBC's Motion for Reconsideration is not supported by any such

8

circumstance making reconsideration appropriate.  This case does not involve new factual issues or a change in the law, nor did the Court misapprehend the law presented to it on the original motion. ESBC was not a misunderstood litigant, it was merely an unsatisfied litigant who received an unfavorable decision.

CONCLUSION

For the reasons set forth above, ESBC's Motion for Reconsideration is **DENIED** (DE #59).  Allstate and Baker are afforded twenty (20) days from the date of this order to file a status report or dismissal documents regarding their counter-claims alleged against ESBC.

**DATED:  May 14, 2010**                   /s/RUDY LOZANO, Judge
                                            **United States District Court**